UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-00104-MR-DCK

| | |
|---|---|
| DAVID MEYERS, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| FNU FREEMAN, et al., ) | |
| ) | |
|       Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] and Plaintiff's motion to proceed in forma pauperis [Doc. 4], which have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.    BACKGROUND**

Pro se Plaintiff David Meyers ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On or around June 26, 2023, Plaintiff filed this action, in which he purports to seek relief under N.C. Gen. Stat. § 50C-2 and § 50C-5 and based on alleged violations of his right to be free from cruel and unusual punishment under the Eighth Amendment. [Doc. 1]. Plaintiff names ten individual prison official Defendants, the North Carolina Department of Adult Corrections (NCDAC), and "Alexander Correctional Institute Staff and Nurses," as Defendants in this matter. [Id. at 1].

Plaintiff alleges as follows. On June 14, 2023, Defendants forced Plaintiff to leave his Restrictive Housing Unit (RHU) "MF Cell #9" to go to general population where numerous fellow prisoners and "prisoners in Bloods Gang and Crips Gang have made daily, unceasing

death threats to murder David Meyers from 04-27-2023 until this 06-21-2023." [Id. at 1-2]. These prisoners threatened to murder Plaintiff in retaliation for their "dislike and hatred" of Plaintiff's relative, Lt. Rodney Houston, who was an NCDPS-NCDAC employee at Central Prison and at the Polk County Youth Detention Center. Plaintiff sent each Defendant a request for protective custody for Plaintiff's safety and to be kept separate from the listed prisoners. Defendants refuse to protect Plaintiff and are forcing him to be housed in general population "to be stabbed to death and murdered." Defendant Freeman made Plaintiff sign an "emergency contact form," and Defendants made Plaintiff go to general population "unsupervised and unescorted so [he would] be stabbed to death and killed" by other prisoners. [Id. at 2-3]. Defendants refused to protect Plaintiff due to his "A.D.A. Discrimination Complaints" and "PREA complaints[1] filed on [Defendants] unceasingly sexual abusing [Plaintiff]." [Id. at 4].

For relief, Plaintiff seeks a "no contact order" restraining a long list of fellow prisoners, certain Defendants, and NCDAC Director Peter Buchholtz from having contact with Plaintiff. [Id. at 4]. Plaintiff also seeks to be transferred back to the Virginia prison cell that "the [Defendants] illegally kidnapped [him] from." [Id.]. Plaintiff also includes purported subpoenas with his Complaint in which he seeks certain documents and video footage related to his claims. [Doc. 1-2].

Plaintiff submitted a "short form" Application to Proceed in Forma Pauperis (IFP) with his Complaint. He provided minimal relevant information thereon and instead used the form as an "Imminent Danger Affidavit" ("Affidavit"). [Doc. 2 at 1]. In his Affidavit, Plaintiff essentially restates the allegations in his Complaint. [See id. at 1-2]. In short, Plaintiff states that

---

[1] PREA stands for the Prison Rape Elimination Act, 34 U.S.C. § 30301. It seeks to establish "zero tolerance" for the incidence of prison rape. The purpose of this Act is to protect inmates in correctional facilities from sexual abuse and sexual assault. Gadeson v. Reynolds, No. 2:08-3702-CMC-RSC, 2009 WL 4572872, at *3 (D.S.C. Dec. 4, 2009).

2

he is entitled to IFP status because he is "in imminent danger and on 06-14-2023 Alexander Correctional Institute Unit Manager Joshua Sigmon, Case Manager Mr. Freeman, Warden Honeycut, all of the RHU-Staff and Peter Buchholtz forced [him] to leave [his] MF9 RHU cell and go to Blue Unit to be killed." [Id. at 1]. Plaintiff has not paid the filing fee in this matter or submitted a proper IFP application.

## II. DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020). In 2020, the Fourth Circuit held that Plaintiff has had three or more prior cases dismissed for being frivolous, malicious, or failing to state a claim upon which relief can be granted. Meyers v. Comm'r of Soc. Sec. Admin., 801 Fed. App'x 90, 91 (4th Cir. 2020). A brief review of Plaintiff's litigation history in the Middle District of North Carolina and the Eastern and Western Districts of Virginia confirms that Plaintiff is subject to 28 U.S.C. § 1915(g). See, e.g., Meyers v. Brown, No. 2:20cv70 (E.D. Va.), Doc. 68 (collecting cases).

3

Plaintiff, therefore, must show that he is under imminent danger of serious physical injury to proceed without paying the filing fee in this matter. For the "imminent danger" exception of § 1915(g) to apply, "the imminent danger 'must exist at the time the complaint … is filed, not when the alleged wrongdoing occurred,' and the prisoner "must allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Meyers v. Clarke, 767 Fed. App'x 437, 439 (4th Cir. 2019) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)).

Recently, this Court dismissed a Complaint filed by Plaintiff where he sought to proceed without paying the filing fee because he "fail[ed] to plausibly allege any facts supporting" application of the imminent danger exception. [Case No. 123:cv-123-GCM, Doc. 7]. In that case, Plaintiff alleged a series of highly incredulous events he claimed were perpetrated by officials at Foothills Correctional Institution ("Foothills") on April 27, 2023, after they "illegally re-kidnapped" Plaintiff.[2] Plaintiff also vaguely claimed that "all" NCDAC inmates are threatening his life. [Id., id. at 4]. In dismissing Plaintiff's Complaint, the Court noted that "Plaintiff's past filings in this Court and others plainly demonstrate that Plaintiff is delusional and under no threat of imminent danger." [Id., id.].

Plaintiff here again fails to plausibly allege any facts supporting application of the imminent danger exception. Plaintiff continues to claim that everyone around him is conspiring to kill him, that he has been kidnapped, and that he is being "unceasingly" sexually abused. Plaintiff's claims again evidence that he "is delusional and under no threat of imminent danger." The undersigned, therefore, recommends that Plaintiff's Complaint should be dismissed without

---

[2] Thus, it appears that Plaintiff's instant allegations begin where those left off.

prejudice under § 1915(g).³

**Plaintiff is again strongly cautioned that repeated filing of frivolous actions may result in the imposition of sanctions and/or prefiling injunctions that would limit Plaintiff's ability to file further lawsuits in this Court.**

## III. CONCLUSION

**IT IS, THEREFORE, RECOMMENDED** that Plaintiff's Complaint [Doc. 1] should be **DISMISSED without prejudice** as barred by the three-strikes provision of 28 U.S.C. § 1915(g) and Plaintiff's motion to proceed in forma pauperis should be **DENIED**.

## IV. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district

---

³ The Court also notes that, even if Plaintiff's Complaint were not subject to dismissal under § 1915(g), Plaintiff has failed to state a claim under the Eighth Amendment and this Court is without authority to enter a "no contact order" under N.C.G.S. § 50C-2 against the listed individuals and Defendants or order that Plaintiff be transferred back to Virginia, in any event.

court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

David C. Keesler
United States Magistrate Judge

Signed: July 31, 2023