IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| David Meyers, | ) | Case No 5:23-cv-00104-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FNU Freeman, FNU Honeycutt, Joshua | ) | |
| Sigmon, Amy Jenkins, FNU Marshall, | ) | |
| FNU Moss, FNU Davis, FNU Hester, | ) | |
| FNU Harold, Alexander Correctional | ) | |
| Institute Staff and Nurses, | ) | |
| NCDPS-N.C.D.A.C. Prisons, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's affidavit seeking to proceed in forma pauperis. ECF No. 2. In accordance with 28 U.S.C. § 636(b) this matter was referred to United States Magistrate Judge David Keesler. On July 31, 2023, Magistrate Judge Keesler issued a Memorandum and Recommendation ("Memorandum") recommending that the complaint be dismissed without prejudice and the affidavit to proceed in forma pauperis be denied. ECF No. 7. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on August 9, 2023. ECF No. 8. This action was transferred to the undersigned on September 18, 2023. ECF No. 9. In accordance with 28 U.S.C. § 636(b) and by Order of the Honorable Martin Reidinger, United States Chief District Judge for the Western District of North Carolina, this matter was referred to United States Magistrate Judge Kevin F. McDonald

for pre-trial proceedings. ECF No. 10. As a Memorandum had already been filed in this case, Magistrate Judge McDonald has not entered an order or report and recommendation in this matter. However, presumably because Magistrate Judge McDonald has entered reports and recommendations in other cases brought by Plaintiff, Plaintiff seems to believe that he did not receive a report and recommendation by Magistrate Judge McDonald in this case and he filed additional objections on October 19, 2023.[1] ECF No. 11.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo

---

[1] In his additional objections, Plaintiff moves for an "enlargement of time for the Honorable Court to receive these objections." ECF No. 11 at 3. The Court finds that Plaintiff's first objections were timely filed and will consider the additional objections as timely filed in this instance. Therefore, the motion for extension of time is moot.

2

review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, Magistrate Judge Keesler provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. As explained in more detail by the Magistrate Judge, Plaintiff is an incarcerated person proceeding pro se and has previously filed more than three civil actions that qualify as strikes under the Prison Litigation Reform Act ("PLRA"). He therefore cannot proceed in forma pauperis unless he satisfies the exception for "imminent danger of serious physical injury" provided by the three-strikes rule. 28 U.S.C. § 1915(g); *Torres v. O'Quinn*, 612 F.3d 237, 246 (4th Cir. 2010). Magistrate Judge Keesler determined that Plaintiff's allegations of imminent harm were delusional and frivolous.

In evaluating this action, the Court has considered both sets of objections filed by Plaintiff. In his first objections, Plaintiff contends that he has stated viable, truthful claims and that his allegations are not delusional or frivolous. ECF No. 8. In his second objections, he seems to reassert that he is in imminent danger and that there is a conspiracy against him, which includes various judges. ECF No. 11. Upon de novo review of the record and the applicable law, the Court agrees with Magistrate Judge Keesler that these allegations fail to plausibly allege that he is in imminent danger as required by the PLRA.

Accordingly, the Court adopts as modified the recommendation of Magistrate Judge Keesler. Plaintiff's affidavit to proceed in forma pauperis [2] is **DENIED**. Plaintiff is directed to pay the full filing fee $402 within 21 days of the date of this Order. If Plaintiff

3

Case 5:23-cv-00104-DCC-KFM   Document 12   Filed 12/05/23   Page 3 of 4

chooses not to pay the filing fee by that time, this matter shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

    IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

December 5, 2023
Spartanburg, South Carolina